IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID J. BUCHANAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 08-575-SLR |
| ) | |
| JOSEPH R. BIDEN, III, Delaware ) | |
| Attorney General, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM ORDER**

At Wilmington this 24th day of November, 2008, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the petition for writ of mandamus and verified complaint for injunctive relief is **denied** and the petition is **dismissed** as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background**. Petitioner David J. Buchanan ("petitioner"), an inmate at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware filed a petition for writ of mandamus and for injunctive relief on September 11, 2008. (D.I. 1) He also moves to expedite the proceedings. (D.I. 3) Petitioner appears pro se and has been granted leave to proceed without prepayment of fees.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 Fed. Appx. 159, 162 (3d Cir. 2008); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to petitioner. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Petitioner is

required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because petitioner proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

5. **Discussion**. Petitioner seeks to prevent the military deployment of Joseph R. Biden, III ("Biden"), Attorney General of the State of Delaware and a member of the Delaware Army National Guard, from deployment to a foreign country. Petitioner contends that deployment of Biden impairs service of process and due process within the State of Delaware and, if a writ is not issued, it "may work a serious hardship" on him. (D.I. 1, ¶ 3.) Petitioner explains that he has cases pending in Delaware state and federal courts. He indicates that he may need to file additional cases and if Biden is allowed to deploy, then service of process will be thwarted. Petitioner also seeks injunctive relief and contends that he has a reasonable success on the merits and will

suffer irreparable equitable injury if relief is not granted.

6. **Mandamus**. To be eligible for mandamus relief under 28 U.S.C. § 1361, petitioner must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004) (citation omitted). Next, he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381 (citations omitted). Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.*

7. Petitioner has failed to demonstrate his entitlement to a writ of mandamus. To the extent that petitioner believes he cannot effect service without the presence of Biden in Delaware, he has available to him other adequate means. The court takes judicial notice that Biden developed a plan with his senior leadership team for the functioning of the office of the Delaware Attorney General during his deployment. (Biden Open Letter to Delawareans, Sept. 29, 2008) Additionally, the Delaware Code provides that service may be made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General. 10 Del. C. § 3103(c). Should petitioner find it necessary to file a complaint he need merely seek personal service upon those individuals, other than the Attorney General, listed in § 3103(c).

8. To the extent that petitioner asks this court to stop the deployment of Biden, the court finds that petitioner has failed to demonstrate that his right to issuance of the writ "is clear and indisputable." *Cheney*, 542 U.S. at 381 (citations omitted). Issuance

of a writ is inappropriate under the circumstances and the petition is frivolous. Petitioner has failed to establish any basis for mandamus relief and, therefore, his petition for writ of mandamus will be denied.

9. **Injunctive Relief**. Petitioner also seeks injunctive relief to prevent the military deployment of Biden. When considering a motion for a temporary restraining order or preliminary injunction, petitioner must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

10. The court takes judicial notice that, in early October, Biden reported for active duty with the United States Army as a member of the Delaware National Guard. (Biden Open Letter to Delawareans, Sept. 29, 2008) Additionally, it was reported in the November 20, 2008 issue of the *Delaware News Journal* that Biden has left the United States for Iraq. Inasmuch as Biden is already deployed, the issue of preventing his deployment is moot.

11. Regardless, petitioner has failed to demonstrate the elements necessary for

injunctive relief to issue. He has not demonstrate that he is likely to succeed on the merits or that denial will result in irreparable harm. As discussed, petitioner has alternative means of service. Finally, granting injunctive relief is in contravention of the public's interest in the national security of the United States.

12. **Conclusion**. For the reasons set forth above, the petition for writ of mandamus and verified complaint for injunctive relief is **denied** and the **petition** is **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The motion for expedited proceedings is **denied** as moot. (D.I. 3) Petitioner is placed on notice that repetitive motions or petitions will not be considered and will be summarily denied.

_____
UNITED STATES DISTRICT JUDGE